UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

      vs.                                  CASE NO: 8:07-CR-170-T-24MSS

PAUL LITTLE,
a/k/a "MAX HARDCORE",
a/k/a "MAX STEINER" and
MAX WORLD ENTERTAINMENT, INC.
    Defendants

**ORDER**

This case is before the Court on Defendants Max World Entertainment, Inc. and Paul Little's (collectively Defendants) Motion to Dismiss Indictment. (Doc. 56). The Government filed a response in opposition. Defendants move to dismiss, arguing that the federal obscenity statutes are facially unconstitutional and unconstitutional as applied to the Defendants and the "World Wide Web." In the alternative, Defendants request a pretrial ruling on two aspects of the *Miller* test for obscenity.

On May 17, 2007, a federal grand jury in the Middle District of Florida, Tampa Division, returned a ten-count indictment against the Defendants. Counts one through five charge Defendants with knowingly using an interactive computer service for the purpose of selling and distributing obscene matter, to wit, a specific video file, through the Max Hardcore website in violation of 18 U.S.C. §§1465 and 2. The video files were located on the max hardcore website and were downloaded by agents in Tampa, Florida. Counts six

through ten charge acts of commercial distribution of obscene matters, to wit, specific DVD's, through the mail, in violation of 18 U.S.C. §§1461 and 2.  The DVD's were purchased by agents through the Max Hardcore website and mailed to a post office box located in Tampa, Florida.

## The Obscenity Statutes are Unconstitutional

Defendants ask that this Court reconsider previous cases that have rejected a substantive due process challenge to the federal obscenity statutes and find that the statutes under which Defendants are charged are violative of due process and facially unconstitutional. Although not entirely clear as to why the Court should reject clear Supreme Court precedent, Defendants appear to argue the position of the District Court Judge in *United States v. Extreme Associates, Inc*., 352 F. Supp. 2d. 578 (W.D. P., 2005), that the substantive due process law in this area is evolving, and prior Supreme Court decisions upholding the federal obscenity statutes are no longer valid.  Defendants also argue that because there is a right to read or view obscene materials in the privacy of one's home, there is a corresponding right to distribute, sell, mail or receive  such materials.

The Supreme Court has consistently held that obscenity is not protected by the First Amendment. *Aschcroft v. American Civil Liberties Union*, 535 U.S. 564, 574 (2002) (stating "obscene speech, for example, has long been held to fall outside the purview of the First Amendment.") (citing *Roth v. United States*, 354 U.S. 476, 484-485 (1957));  *Miller v. California, 413 U.S. 15,23 (1973).* The Supreme Court has also considered and upheld the federal obscenity statutes in the context of the right to privacy. *See United States v. Extreme Associates, Inc*. 431 F.3rd 150, 159 (3rd Cir. 2005).  Although the Supreme Court has recognized an individual's right to privately possess obscene material, *Stanley v. Georgia*,

394 U.S. 557 (1969), it has also rejected the argument that the right to possess obscene material creates a correlative right to receive it, sell it, transport it, or distribute it. *United States v. Orito*, 413 U.S. 139, 141 (1973), *United* States *v, Twelve 200-Ft. Reels*, 413 U.S. 123, 128 (1973). Defendants in this case are not charged with privately possessing obscene matter, but with selling and distributing it both over the internet and through the mail. The Supreme Court's decision in *Lawrence v. Texas*, 539 U.S. 558 (2003), which addresses sexual conduct between two consenting adults in the privacy of their home, provides no support for Defendants' argument that all federal obscenity statues are unconstitutional, or more specifically that the specific statues under which Defendants are charged, which prohibit the distribution of obscene material, are unconstitutional.

The Court is not persuaded by Defendants' argument that it should reconsider Supreme Court precedent, find that the federal obscenity statutes violate the Constitution, and dismiss the indictment. The Court is required to follow precedent of the Supreme Court in its prior validation of the statutes. *United States v. Extreme Assoc., Inc., 431 F.3d 150,158 (3rd Cir. 2005).* Defendants' Motion to Dismiss based on substantive due process grounds is DENIED.

<u>The Obscenity Statues are Unconstitutional as applied</u>

<u>Defendants and to the World Wide Web</u>

Defendants next argue that the federal obscenity statutes are "unworkable when applied to the Internet." In determining whether or not matter is obscene, the trier of fact must apply the following test:

> (a) Whether 'the average person, applying contemporary community standards' would find that the work taken as a whole, appeals to prurient interest; (b) whether the work depicts or describes, in a patently offensive way, sexual conduct specifically defined by the applicable state law; and (c) whether the work, taken as a whole, lacks serious literary, artistic, political or scientific value.

*Miller*, 413 U.S. at 24 (citations omitted).  Defendants argue that the *Miller* test can not be applied to the Internet because it is impossible to know what work "taken as a whole" means when all web content is interconnected, and it is equally impossible to determine the community standards by which the material should be judged when the Internet reaches across the nation and across the world. Defendants therefore urge the Court to dismiss the indictment.  In the alternative, the Defendants ask for a pretrial ruling as to what the material "taken as a whole" means and what the community standards to be applied are.

The Defendants argue that in attempting to apply the *Miller* test to the facts of this case, the Court and the Jury must look at the Max Hardcore website as a whole, which includes numerous different web pages and interconnection to the World Wide Web, creating an impossible task for both the Judge and the Jury. The Government on the other hand argues that as to Counts one through five (this argument does not apply to counts six through ten), the work to be considered under the *Miller* test are the five video files which were downloaded from the Max Hardcore web site.  This Court agrees with the Government in that under the *Miller* test, the material to be considered, viewed and "taken as a whole" in counts one through five are the five video files that Defendants created and made available as down loadable files on their web site.

Similarly, Defendants argue that the *Miller* test's reliance on community standards to judge whether material is obscene is "unworkable in an online environment."  Specifically, Defendants argue that because the Max Hardcore website can be viewed from anywhere in the world, the community standards to be applied when determining whether the video files at issue are obscene would be the community standards of the world, which are impossible to ascertain. The Government argues that under the *Miller* test the community standards to be applied can be the standards of the community into which the allegedly obscene material moves or is sent, as

well as the standards of the community from which it is sent. This Court again agrees with the Government. As the Third Circuit observed, "If the Supreme Court wants to treat all Internet obscenity cases as *sui generis* for the purposes of federal obscenity law analysis, it has not yet said so." *United States v. Extreme Associates, Inc*., 431 F.3d 150,161 (3rd Cir. 2005).  It is "constitutionally permissible to subject defendants in obscenity prosecutions to varying community standards of the various judicial districts into which they transmit obscene material." *United States v. Bagnell*, 679 F.2d 826, 832 (11th Cir. 1982) citing *Hamling* v. *United States,* 418 U.S. 87 (1974).  "At a minimum, prosecutors may elect to bring obscenity charges against a defendant in either the district of dispatch or the district of receipt without running afoul of the due process clause." *Id.* The obscene materials at issue in this case were downloaded from the Max Hardcore website through an internet provider in the Tampa area in the Middle District of Florida . The jurors will use the community standards within the Middle District of Florida to determine whether or not the video files in counts one through five are obscene.

### The Obscenity Statutes do not Apply to Computer Images

Defendants next argue that 18 U.S.C. §§1462 and 1465 by their specific terms cover only tangible items such as books, films or pictures and do not apply to intangible communications such as computer transferred images. Again this Court disagrees. 18 U.S.C. §§1462 and 1465 prohibit the use of an "interactive computer service" to distribute obscene matter.  The video files in counts one through five were allegedly distributed through an interactive computer service. See also *United States v*. *Lamb*, 945 F. Supp 441, 452, n.7 (N.D.N.Y. 1996).  The statutes (both §§ 1462 and 1465) regulate computer files just as they do books, films or pictures.

### The Federal Obscenity Statutes are Unconstitutionally Over Broad

Finally Defendants argue that 18 U.S.C. §§1462 and 1465 are facially over broad or vague

in that they use the term "lewd" to define criminal conduct. Defendants rely on the Third Circuit's decision in *Conchatta Inc. v. Miller*, 458 F.3d 258 (3rd Cir. 2006). However, *Conchatta* is clearly distinguishable from the instant case. In *Conchatta* the statute that was held to be unconstitutionally over broad was a provision of the Pennsylvania Liquor Code prohibiting lewd entertainment in any establishment holding a liquor license. Clearly the Defendants herein are only charged in the indictment with selling or distributing "obscene matter," not "lewd matter, " so under this argument, the statutes are not unconstitutional as applied to Defendants. Further more, this Court declines the invitation to hold the statutes facially unconstitutional because of overbreath in light of clear Supreme Court precedent. Courts have previously held that 18 U.S.C . §§ 1462 and 1465 are neither unconstitutionally over broad or vague. *See Hamling v. United States, 418 U.S. 87, 99 (1974), United States v. Orito, 413 U.S. 139 (1973), United States v. 12 200-ft Reels of Film*, 413 U.S. 123, 130, n.7 (1973), *Roth v. United States, 354 U.S. 476, 492 (1957), United States v. Hill* 500 F.2d 733, 739 (5th Cir. 1974).

Accordingly, it is ORDERED that:

1. Defendants Motion to Dismiss is Denied.

2. The digital video clips charged in counts one through five, and the DVD's charged in counts six through ten, are the material to be "taken as a whole" under the *Miller* test and not the entire www.maxhardcore.com website.

3. The community standards to be applied under the *Miller* test are the community standards of the Middle District of Florida, the community where the case is to be tried and the community where the obscene material was downloaded, not the world or the world wide web.

Done, this 15th day of January, 2008.

SUSAN C. BUCKLEW
United States District Judge