UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                      Case No.  8:07-cr-00170-T-24-MSS

PAUL F. LITTLE
a/k/a "Max Hardcore"
a/k/a "Max Steiner," and
MAX WORLD ENTERTAINMENT, INC.

      Defendants.
_____/

**O R D E R**

This cause comes before this Court on Defendants' Motion for Judgment of Acquittal pursuant to Federal Rule of Criminal Procedure 29.  (Doc. No. 141, 154).  The government opposes the motion.  (Doc. No. 144).

**I.  Background**

Defendants Paul F. Little and Max World Entertainment, Inc. were charged in Counts Six through Ten of the indictment with mailing obscene matter in violation of 18 U.S.C. § 1461.  The Defendants moved for a Judgment of Acquittal pursuant to F.R.Cr.P. 29(a) at the conclusion of the Government's case in chief.  The Court reserved ruling on the motion as is related to Counts Six through Ten and the argument that no *mens rea* existed until after the jury had reached a verdict, pursuant to F.R.Cr.P. 29(b).  After the verdict, the Court orally denied the motion in its entirety, and informed Defendants that a written order would follow. Rule 29 states, in part:

> **(a) Before Submission to the Jury.** After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment

of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction.  If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

**(b) Reserving Decision.**  The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

Fed.R.Crim.P. 29.

## II.  Motion for Judgment of Acquittal

Defendants, Paul Little and Max World Entertainment, argue that they cannot be found guilty of violating 18 U.S.C. § 1461 because there was no *mens rea*. (Doc. No. 154).  The defense moved for a judgment of acquittal on Counts Six through Ten pursuant to Rule 29(a) on the basis that the Government presented no evidence that Defendants knew their distributor, Jaded Video, would ship the alleged obscene material to Tampa, Florida via the United States Mail ("U.S. Mail").  (Doc. No. 154).  The issue of the Defendants' lack of *mens rea* as to the shipping method was argued on two grounds.

First, the defense argued that due to the lack of evidence concerning Defendants' knowledge as to the specific shipping method used by Jaded Video, the government had not met its burden of proving every element of 18 U.S.C. § 1461, which states in pertinent part:

Whoever knowingly uses the mails for the mailing, carriage in the mails, or delivery of anything declared in this section to be nonmailable, or knowingly causes to be delivered by mail according to the direction thereon . . . shall be fined under this title or imprisoned not more than five years, or both . . .

18 U.S.C. § 1461; (Doc. No. 154).  The defense relied on a Second Circuit Court of Appeals

case, *United States v. Bronx Reptiles*, in its argument that the government presented insufficient evidence to prove the "knowingly" requirement of 18 U.S.C. § 1461. *United States v. Bronx Reptiles*, 217 F.3d 82 (2nd Cir. 2000). The defendant in *Bronx Reptiles* was convicted pursuant to 18 U.S.C. § 42(c) of knowingly permitting wild animals to be transported to the United States under inhumane or unhealthy conditions. The Second Circuit reversed the defendant's conviction because it found that the "knowingly" requirement of the statute applied to all elements of the crime, including the "under inhumane and unhealthy conditions" element. *Id.* at 87-88. Because Jaded Video had discretion to use any shipping method once the DVDs were purchased from the Defendants, Defendants claim they did not knowingly cause the material to be delivered by U.S. Mail (Doc. No. 154).

The Government responded to this argument by citing to the Eleventh Circuit's pattern jury instruction for 18 U.S.C. § 1461, which provides, in part, "[t]o cause the mails to be used is to do an act with knowledge that the use of the mails will follow in the ordinary course of business or where such use can reasonably be foreseen." ELEVENTH CIRCUIT CRIMINAL PATTERN JURY INSTRUCTIONS § 53 at 307 (2003); (Doc. No. 144). The Eleventh Circuit derived its pattern jury instruction from similar language used by the Supreme Court in *Pereira v. United States*. The Court in *Pereira* stated the question of causing delivery was "easily answered:"

> Where one does an act with knowledge that the use of mails will follow in the ordinary course of business, or where such use can be reasonably foreseen, even though not actually intended, then he "causes" the mails to be used.

*Pereira v. United States*, 347 U.S. 1, 8-9 (1954). The Sixth and Eighth Circuits have also employed the "causes to be delivered by mail" language of *Pereira* in affirming convictions under 18 U.S.C. § 1461. *See United States v. Kussmaul*, 987 F.2d 345 (6th Cir. 1993); *United*
3

*States v. Keunnen*, 901 F.2d 103 (8th Cir. 1990).  The Court agrees that the standard set forth in the Eleventh Circuit's pattern jury instructions is the appropriate standard.

Upon consideration, the Court finds that a reasonable jury in the present case could conclude that sufficient evidence was presented at trial to establish, beyond a reasonable doubt, that it was reasonably foreseeable to Defendants that Jaded Video would utilize the U.S. Mail to ship the DVDs in question.  There were limited options that Jaded Video could have used to distribute their merchandise.  Additionally, the Government presented evidence that showed that Defendants knew and intended for the DVDs to be shipped outside the State of California.  (Doc. No. 144).  This evidence included: the commercial packaging of the DVDs, the utilization of the industry-wide distributor Jaded Video, and the direct link from www.maxhardcore.com to Jaded Video's website.  (Doc. No. 144).

Second, the defense argued that Defendants could not be liable under the charged aiding and abetting statute, 18 U.S.C. § 2.  (Doc. No. 154).  The defense relied on a recent case from the Fifth Circuit Court of Appeals, *United States v. McDowell*, for their argument that the Defendants lacked the requisite knowledge for a conviction under 18 U.S.C. § 2.  *United States v. McDowell*, 498 F.3d 308 (5th Cir. 2007); (Doc. No. 154).  In *McDowell*, the defendant was convicted under 18 U.S.C. § 1461 for aiding and abetting the use of the U.S. Mail to deliver obscene material.  *Id*., 498 F.3d at 316.  The Fifth Circuit reversed the defendant's conviction, finding that the government presented insufficient evidence to prove that the defendant knew or intended for the U.S. Mail to be used to deliver the obscene material at issue.  *Id.*

The Court notes, however, that *McDowell* is a Fifth Circuit case and therefore, is considered only persuasive authority in the Eleventh Circuit.  Indeed, the Eleventh Circuit seems

to employ a less stringent standard than that of the Fifth Circuit, requiring the Government to prove only that: (1) the substantive offense was committed by someone; (2) the defendant committed an act which contributed to and furthered the offense; and (3) the defendant intended to aid in its commission.  *United States v. Hernandez*, 433 F.3d 1328, 1333 (11th Cir. 2005); (Doc. No. 144).  According to Eleventh Circuit precedent, which *is* binding authority on this Court, the Government was not required to prove the Defendants' specific knowledge or intent in order to convict Defendants of aiding and abetting the mailing of obscene matter under 18 U.S.C. § 1461.  Upon consideration, the Court finds that a reasonable jury in the present case could conclude that sufficient evidence was presented at trial to establish, beyond a reasonable doubt, that the substantive offense of mailing obscene matter was committed by someone, that Defendants committed an act which contributed to and furthered the offense, and that Defendants intended to aid in its commission.

### III.  Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Defendants' motion for a judgment of acquittal pursuant to Fed.R.Crim.P. 29(a) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 10th day of June, 2008.

*/s/ Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record