IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 8:07-cr-170-T-24 MSS |
| | ) | |
| PAUL F. LITTLE, | ) | |
| a/k/a "Max Hardcore" | ) | |
| a/k/a "Max Steiner," and | ) | |
| MAX WORLD ENTERTAINMENT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This cause comes before the Court on Defendants' Motion for New Trial and/or Judgment of Acquittal. (Doc. No. 168.) The Government filed a response in opposition to the motion (Doc. No. 173), to which Defendants' filed a reply (Doc. No. 181).

**I.     Background**

Defendants Paul F. Little and Max World Entertainment, Inc. (jointly, "Defendants") were charged with: (1) five counts of knowingly using an interactive computer service in and affecting interstate commerce for the purpose of selling and distributing obscene matter, in violation of 18 U.S.C. § 1465; and (2) five counts of knowingly causing to be delivered by mail to a post office box located in Tampa, Florida, within the Middle District of Florida, non-mailable obscene matter, in violation of 18 U.S.C. § 1462.  From May 27, 2008 to June 5, 2008, this Court held a jury trial in the instant case.  The jury found both Defendants guilty of all the counts charged in the indictment.  (Doc. No. 157-58.)  Thereafter, Defendants filed the instant motion.

**II.     Discussion**

As an initial matter, the Court will address the Government's argument in opposition to Defendants' motion that the instant motion should be denied as untimely. The Court disagrees, and notes that Defendants' motion was initially filed on the last day of the seven day period set forth in Fed. R. Crim. P. 29 and 33. (Doc. No. 166.) The Court struck the motion the day after it was filed because it did not comply with Local Rule 3.01(a) regarding page limits. (Doc. No. 167.) Defendants then re-filed their motion on the same day. (Doc. No. 168.) Defendants' initial motion was filed within the time limit, and the Court declines to find that the motion was untimely based upon defense counsel's initial failure to comply with a local rule.

Defendants argue that they are entitled to a judgment of acquittal pursuant to Fed. R. Crim. P. 29(c)(1), and alternatively that they are entitled to a new trial pursuant to Fed. R. Crim P. 33(a). The Court will address each argument raised by Defendants' motion in turn.

*Sixth Amendment Rights*

Defendants first argue that they are entitled to a judgment of acquittal and/or a new trial because irregularities within the jury panel resulted in a denial of Defendants' Sixth Amendment right to a trial by a panel of impartial jurors. Defendants cite to three instances in support of their argument. The Court will address each instance.

Defendants argue that the first instance of a "jury irregularity" occurred when a juror wrote a note to the Court requesting to view the charged materials in clips rather than in their entirety. Defendants fault the Court for not asking the juror whether: (1) the note reflected a prejudgment of the evidence as obscene; and (2) the contents of the note had been shared with

other jurors. Defendants seem to argue that the Court's failure to ask these questions resulted in prejudice to Defendants.

The Court finds that Defendants' assertion of prejudice is without merit. The Court questioned the juror as to who wrote the note and found no basis for concluding that any prejudgment of the evidence or premature deliberations had taken place. Moreover, the Court had repeatedly instructed the jury not to discuss the case with anyone or to begin deliberating until the end of trial. Perhaps most importantly, the juror in question was the alternate juror and did not take part in the deliberations. Defendants' assertion of any potential bias on the part of the alternate juror rings hollow in light of this fact.

The second instance of "jury irregularity" cited by Defendants occurred when an Assistant United States Attorney ("AUSA") not associated with the case made a brief comment to a person he did not know to be a juror in the elevator of the courthouse. Upon realizing the person was a juror, the AUSA reported the matter to the Court, and the Court then questioned the AUSA outside the presence of the jury:

> The Court: Mr. Muench is an Assistant United States Attorney, so Mr. Muench, why don't you just tell them what you told me at sidebar.
>
> Mr. Muench: Yeah, I was just riding up the elevator, and I pressed, uh, 13 to go see Judge Moody at 1:30, and what I thought was a very youthful-looking young man got on. And he looked like, frankly, an intern, maybe a law student. And frankly, I - - I figured he was probably with your chambers. He was not wearing a badge.
>
> And I said, you're not going up there to watch that porn? Just teasing him, being friendly. And he kind of blushed. And I go, you're not, are you?
>
> And, uh, he didn't answer. And then it occurred to me, and I said, you're not a juror are you?

3

>He goes, yeah.
>
>I go, you're supposed to be wearing a badge.
>
>He says, I do when I'm out of the building - - I - - I don't when I'm out of the building because it's kind of embarrassing.
>
>I go, well, you should wear it. I didn't identify myself, he has no idea who I am. Uh, I said, I'm sorry, and I got off on my floor.

The Court:   Okay.

Defendants argue that the Court's failure to question this juror about whether this brief conversation influenced his judgment was prejudicial to Defendants. The Court disagrees. The comment was made by an AUSA not associated with the case and who did not identify himself to the juror as an AUSA. Additionally, the comment was neither prejudicial nor "chiding," as Defendants suggest. Subsequent to this incident, the Court reminded jurors to wear their buttons at all times while not in the courtroom — both outside and inside the courthouse. The Court also notes that Defendants did not ask for a cautionary jury instruction regarding outside comments, and they also did not ask the Court to question the juror regarding the comment.

The third instance of "jury irregularity" cited by Defendants occurred on the final day of jury deliberations, when a juror wrote a note to the Court requesting to speak to the Court because she had been fired from her job the night before. Defendants fault the Court for not speaking with the juror until after a verdict was reached in the case and for not notifying the parties of the note. Defendants argue that these failures prejudiced the Defendants. The Court disagrees.

The note stated the following:

>I wanted to know if I could speak to you regarding a matter that happened last night. When I got home from jury duty I received a phone call from my employer that he know

>[sic] longer wanted me to work for him.  I feel it is because I have been on this jury.  He tried to make other reasons for the termination but [illegible] of the things he said I know it was because of this.
>
>I was asked to call Ryan Barrack, an attorney in Clearwater who I will be meeting with.
>
>I was hoping we could talk about this.

(Doc. No. 168, Exh. A.)  As an initial matter, the Court notes that the juror did not ask to speak to the court immediately as Defendants suggest.  The Court decided to wait until after the jury concluded its deliberations to speak with the juror, as the note concerned matters unrelated to the case and was purely a personal matter relating to the juror.  Defendants seem to argue that had the Court spoken to the juror before a verdict was reached, the Court would have had to excuse the juror from jury service and declare a mistrial.  This argument is wholly speculative.  After the jury's verdict was published to the Court, each juror was polled as to whether the verdict as published was their verdict.  Significantly, each juror – including the juror in question – said that the verdict as published was their verdict.

The Court finds that Defendants have not shown that any of the above "jury irregularities" resulted in any prejudice to them or constituted a violation of their Sixth Amendment rights.

*Substantive Due Process*

Next, Defendants argue they are entitled to a judgment of a acquittal and/or a new trial because the statutes under which they were convicted violate their constitutional right to substantive due process.  Defendants previously made the same argument in their motion to dismiss the indictment (Doc. No. 56), which this Court denied (Doc. No. 64).  The Court rejects

this argument for the same reasons previously stated in its order denying Defendants' motion to dismiss the indictment. (Doc. No. 64.)

### *Application of Federal Obscenity Statutes to the World Wide Web*

Defendants next argue that they are entitled to a judgment of a acquittal and/or a new trial because federal obscenity statutes cannot be applied to the world wide web. Defendants previously made the same argument in their motion to dismiss the indictment (Doc. No. 56), which this Court denied (Doc. No. 64). The Court also rejects this argument for the same reasons previously stated in its order denying Defendants' motion to dismiss the indictment. (Doc. No. 64.)

### *Court's Refusal to Recuse Itself*

Defendants next argue that they are entitled to a judgment of a acquittal and/or a new trial because of the Court's failure to recuse itself. Defendants previously made the same arguments in their motion for mistrial and/or recusal (Doc. No. 124), which this Court denied orally (Doc. No. 132). Again, the Court rejects this argument.

Two statutes govern the recusal of a district judge, 28 U.S.C. §§ 144 and 455. "The general rule is that bias sufficient to disqualify a judge must stem from extrajudicial sources, and must be focused against a party to the proceeding." Hamm v. Members of the Bd. of Regents of the State of Florida, 708 F.2d 647, 651 (11th Cir. 1983) (internal citations omitted). There is an exception to this general rule, which is made "when a judge's remarks in a judicial context demonstrate such pervasive bias and prejudice that it constitutes bias against a party." Id. However, the Court notes that "[n]either a trial judge's comments on lack of evidence, rulings adverse to a party, nor friction between the court and counsel constitute pervasive bias." Id.

(citing <u>Whitehurst v. Wright</u>, 592 F.2d 834, 838 (5th Cir. 1979)).  The Court finds that the comments about which Defendants are complaining do not come close to meeting the standard set forth in <u>Hamm</u> of "demonstrat[ing] such pervasive bias and prejudice that it constitute[d] a bias against [Defendants.]"  <u>Hamm</u>, 708 F.2d at 651.

*Insufficient Evidence of Knowledge*

Defendants next argue that they are entitled to a judgment of a acquittal and/or a new trial because the government presented insufficient evidence to show that Defendants knew that the United States Mail would be used to ship the material charged in Counts Six through Ten.  Defendants previously made the same argument in their motion for a judgment of acquittal pursuant to Fed. R. Crim. P. 29 (Doc. Nos. 141, 154), which this Court denied (Doc. Nos. 164, 165).  The Court rejects this argument for the same reasons previously stated in its order denying Defendants' motion for a judgment of acquittal.  (Doc. Nos. 164, 165.)

*Insufficient Evidence of Community Standards*

Defendants next argue that they are entitled to a judgment of a acquittal and/or a new trial because the government failed to present any evidence of community standards, and thus failed to prove the obscenity *vel non* of the charged materials.  Defendants previously made the same argument in their memorandum in support of a proposed jury instruction that the Government bore the burden of proving that an identifiable community standard existed, what it was, and that the charged materials violated it.  (Doc. Nos. 100, 101.)  The Court declined to give this instruction to the jury (Doc. No. 146), and likewise rejects this argument.  The Government was not required to present any evidence other than the charged material itself concerning the obscenity *vel non* of the charged material.  <u>Paris Adult Theatre I v. Slaton</u>, 413 U.S. 49 (1973).

Further, the verdict itself evidences the fact that the jury was able to determine that the charged materials violated the community standards of the Middle District of Florida.

For the reasons stated herein, it is **ORDERED AND ADJUDGED** that Defendants' Joint Motion for New Trial and/or Judgment of Acquittal (Doc. No. 168) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 28th day of July, 2008.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record