# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | CASE NUMBER:   8:07-cr-170-T-24TBM |
| vs. | USM NUMBER:   44902-112 |
| PAUL F. LITTLE | Defendant's Attorney:   James Benjamin, Retained |

**THE DEFENDANT:**

__   pleaded guilty to Count(s) .
__   pleaded nolo contendere to count(s) which was accepted by the court.
**X**   was found guilty on counts One through Ten of the Indictment, after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 USC §§ 1465 and 2 | Using an Interactive Computer Service for the Purpose of Selling and Distributing Obscene Matter | January 18, 2006 | One through Five |
| 18 USC §§ 1461 and 2 | Delivering Obscene Matter by Mail | March 28, 2007 | Six through Ten |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__ The defendant has been found not guilty on count(s)
__ Count(s)  (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: October 3, 2008

SUSAN C. BUCKLEW
**UNITED STATES DISTRICT JUDGE**

DATE: October 6, 2008

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

Defendant: PAUL F. LITTLE  
Case No.: 8:07-cr-170-T-24TBM  
Judgment - Page 2 of 5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of *FORTY SIX Months as to Counts One through Ten of the Indictment, all such terms to run concurrently.*

__X__ The Court makes the following *recommendations* to the Bureau of Prisons:
1. Defendant to serve term of imprisonment at FCI Lompoc, CA.
2. Defendant to participate in and receive drug and alcohol treatment & rehabilitation while incarcerated.

__ The defendant is remanded to the custody of the United States Marshal.
__ The defendant shall surrender to the United States Marshal for this district.

__ at __ a.m./p.m. on __.
__ as notified by the United States Marshal.

__X__ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

__ before 2 p.m. on __.
__X__ as notified by the United States Marshal.
__ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

__ at _____, with a certified copy of this judgment.

United States Marshal

By:_____  
Deputy United States Marshal

AO 245B (Rev. 06/05) Sheet 3 - Supervised Release (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | PAUL F. LITTLE | Judgment - Page 3 of 5 |
| Case No.: | 8:07-cr-170-T-24TBM | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of *THIRTY SIX Months as to Counts One through Ten of the Indictment, all such terms to run concurrently.*

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year. The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.

The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | |
|---|---|
| Defendant: PAUL F. LITTLE | Judgment - Page 4 of 5 |
| Case No.: 8:07-cr-170-T-24TBM | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X  The defendant shall provide the probation officer access to any requested financial information.

X  The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating himself/herself for any major purchases without approval of the probation officer.

| Defendant: | PAUL F. LITTLE | Judgment - Page 5 of 5 |
|---|---|---|
| Case No.: | 8:07-cr-170-T-24TBM | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| Totals: | $1,000.00 | $7,500.00 | n/a |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. __  Lump sum payment of $ _ due immediately, balance due

   __ not later than _____, or

   __ in accordance __ C, __ D, __ E or __ F below; or

B. _X_  Payment to begin immediately and in full.

C. __  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. __  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. __  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. __  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_ The defendant shall pay the cost of prosecution.

_ The defendant shall pay the following court cost(s):

X  The defendant shall forfeit the defendant's right, title and interest in the following property to the United States: Personal property identified as certain domain names, specifically: "www.maxhardcore.com", "www.pissedonpornstars.com" and "www.catalinaxxx.com", as detailed in the Preliminary Order of Forfeiture dated August 12, 2008 and made part of this Judgment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                        Case No. 8:07-cr-170-T-24MSS

PAUL F. LITTLE,
  a/k/a "Max Hardcore"
  a/k/a "Max Steiner", and
MAX WORLD ENTERTAINMENT, INC.,:

Defendants.

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the Court upon the filing of the Motion of the United States of America for entry of a Preliminary Order of Forfeiture, which, at sentencing, shall become a final order of forfeiture as to defendants Paul F. Little and Max World Entertainment, Inc.'s right, title, and interest in the following:

> Personal property identified as certain domain names, specifically; "www.maxhardcore.com", "www.pissedonpornstars.com", and "www.catalinaxxx.com."

The Court hereby finds that, as reflected in the jury's Special Verdict of Forfeiture as to defendants Paul F. Little and Max World Entertainment, Inc., the United States has met its burden of establishing the sufficiency of the *nexus* between the offense and the property sought for forfeiture. Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that for good cause shown, said Motion of the United States is hereby GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 18 U.S.C. § 1467 and Fed. R. Crim. P. 32.2(b)(2), all right, title and interest of defendants Paul F. Little and Max World Entertainment, Inc., in the above-referenced property is hereby forfeited to the United States for disposition according to law.

The Court retains jurisdiction to enter any further orders necessary for the forfeiture and disposition of the subject property and to entertain any third party claims that may be asserted in these proceedings.

DONE and ORDERED in Chambers in Tampa, Florida, this 12th day of August, 2008.

SUSAN C. BUCKLEW
UNITED STATES DISTRICT JUDGE

Copies to:
Anita M. Cream, AUSA
Counsel of Record

2